FILED
CLERK, U.S. DISTRICT COURT
3/1/2024
CENTRAL DISTRICT OF CALIFORNIA
BY: ___CDO___ DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

January 2024 Grand Jury

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>            Plaintiff,<br><br>       v.<br><br>CHARLES AGHOIAN,<br>   aka "HarryRayno,"<br>   aka "jackoffjackoff,"<br>   aka "jackoffhart,"<br><br>            Defendant. | CR No. 2:24-cr-00131-JWH<br><br>I N D I C T M E N T<br><br>[18 U.S.C. §§ 2252A(a)(2)(A), (b)(1): Distribution of Child Pornography; 18 U.S.C. §§ 2252A(a)(5)(B), (b)(2): Possession of Child Pornography; 18 U.S.C. § 2253: Criminal Forfeiture] |

The Grand Jury charges:

COUNT ONE

[18 U.S.C. §§ 2252A(a)(2)(A), (b)(1)]

On or about December 11, 2020, in Los Angeles County, within the Central District of California, and elsewhere, defendant CHARLES AGHOIAN, also known as ("aka") "HarryRayno," aka "jackoffjackoff," aka "jackoffhart," knowingly distributed child pornography, as defined in Title 18, United States Code, Section 2256(8)(A), using a means and facility of interstate and foreign commerce, namely, the Internet, and which had been mailed, and which had been shipped and transported in and affecting interstate and foreign commerce by any

means, knowing that the images were child pornography.  The child pornography that defendant AGHOIAN distributed consisted of the video file titled, "IMG_0250~video.mp4."

COUNT TWO

[18 U.S.C. §§ 2252A(a)(2)(A), (b)(1)]

On or about December 28, 2020, in Los Angeles County, within the Central District of California, and elsewhere, defendant CHARLES AGHOIAN, also known as ("aka") "HarryRayno," aka "jackoffjackoff," aka "jackoffhart," knowingly distributed child pornography, as defined in Title 18, United States Code, Section 2256(8)(A), using any means and facility of interstate and foreign commerce, namely, the Internet, and which had been mailed, and which had been shipped and transported in and affecting interstate and foreign commerce by any means, knowing that the images were child pornography. The child pornography that defendant AGHOIAN distributed consisted of the video file titled, "b84ed52a-c838-4361-911d-1f0dd5b4576c.mp4."

COUNT THREE

[18 U.S.C. §§ 2252A(a)(2)(A), (b)(1)]

On or about January 19, 2021, in Los Angeles County, within the Central District of California, and elsewhere, defendant CHARLES AGHOIAN, also known as ("aka") "HarryRayno," aka "jackoffjackoff," aka "jackoffhart," knowingly distributed child pornography, as defined in Title 18, United States Code, Section 2256(8)(A), using any means and facility of interstate and foreign commerce, namely, the Internet, and which had been mailed, and which had been shipped and transported in and affecting interstate and foreign commerce by any means, knowing that the images were child pornography. The child pornography that defendant AGHOIAN distributed consisted of the video files titled, "6bd067ce-a054-4fd5-a23c-a2d7090f65a5.mp4," "f4797a46-3745-4e19-a5e3-29a6aed49c22.mp4," and "313907b2-d021-4b91-9556-078aac8ea8ec.mp4."

COUNT FOUR

[18 U.S.C. §§ 2252A(a)(5)(B), (b)(2)]

On or about April 8, 2021, in Los Angeles County, within the Central District of California, and elsewhere, defendant CHARLES AGHOIAN, also known as "HarryRayno," "jackoffjackoff," and "jackoffhart," knowingly possessed a Google Smartphone, Model #G-2PW4100, that contained at least one image of child pornography, as defined in Title 18, United States Code, Section 2256(8)(A), at least one of which involving a prepubescent minor who had not attained 12 years of age, that had been mailed and shipped and transported using any means and facility of interstate and foreign commerce, and in and affecting interstate and foreign commerce by any means, including the Internet, knowing that the images were child pornography.

The child pornography that defendant AGHOIAN possessed on his Google Smartphone, Model #G-2PW4100, consisted of the following files:

1. .thumbdata4- 1763508120_embedded_848.jpg
2. .thumbdata4- 1763508120_embedded_929.jpg
3. .thumbdata4- 1763508120_embedded_875.jpg
4. .thumbdata4- 1763508120_embedded_271.jpg

FORFEITURE ALLEGATION

[18 U.S.C. § 2253]

1. Pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 18, United States Code, Section 2253, in the event of the defendant's conviction of the offenses set forth in any of Counts One through Four of this Indictment.

2. The defendant, if so convicted, shall forfeit to the United States of America the following property:

(a) All right, title, and interest in any visual depiction involved in any such offense, or any book, magazine, periodical, film videotape, or other matter which contains any such visual depiction, which was produced, transported, mailed, shipped or received and involved in any such offense.

(b) All right, title, and interest in any property, real or personal, constituting or traceable to gross profits or other proceeds obtained from such offense.

(c) All right, title, and interest in any property, real or personal, used or intended to be used to commit or to promote the commission of such offense or any property traceable to such property, including but not limited to the following:

• One Google Smartphone, Model #G-2PW4100, seized on April 8, 2021, in Northridge, California.

(d) To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraphs (a), (b), and (c).

3. Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 2253(b), the defendant, if so convicted, shall forfeit substitute property, up to the total value of the property described in the preceding paragraph if, as the result of any act or omission of the defendant, the property described in the preceding paragraph, or any portion thereof: (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

A TRUE BILL

\_\_\_\_/s/_____
Foreperson

E. MARTIN ESTRADA
United States Attorney

MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division

SCOTT M. GARRINGER
Assistant United States Attorney
Deputy Chief, Criminal Division

IAN V. YANNIELLO
Assistant United States Attorney
Deputy Chief, General Crimes Section

NISHA CHANDRAN
Assistant United States Attorney
Cyber and Intellectual Property Crimes Section