BILAL A. ESSAYLI
United States Attorney
CHRISTINA T. SHAY
Assistant United States Attorney
Chief, Criminal Division
ALEXANDRA SLOAN KELLY (Cal. Bar No. 305811)
Assistant United States Attorney
Transnational Organized Section
    1400 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-5010
    Facsimile: (213) 894-0141
    E-mail:   alexandra.kelly@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 24-131-JAK |
|---|---|
| Plaintiff, | GOVERNMENT'S SENTENCING POSITION |
| v. | Hearing Date: July 17, 2025 |
| CHARLES AGHOIAN, | Hearing Time: 8:30 a.m. |
| Defendant. | Location: Courtroom of the Hon. John A. Kronstadt |

Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorney Alexandra Sloan Kelly, hereby files its Sentencing Position for defendant Charles Aghoian.

//

//

//

This filing is based upon the attached memorandum of points and authorities, the Presentence Investigation Report (Dkt. 39), the plea agreement (Dkt. 33), the files and records in this case, and such further evidence and argument as the Court may permit.

Dated: July 3, 2025                    Respectfully submitted,

                                       BILAL A. ESSAYLI
                                       United States Attorney

                                       CHRISTINA T. SHAY
                                       Assistant United States Attorney
                                       Chief, Criminal Division


                                              /s/
                                       ALEXANDRA SLOAN KELLY
                                       Assistant United States Attorney

                                       Attorneys for Plaintiff
                                       UNITED STATES OF AMERICA

**TABLE OF CONTENTS**

MEMORANDUM OF POINTS AND AUTHORITIES................................1
I.   INTRODUCTION...................................................1
II.  DEFENDANT'S OFFENSE............................................1
III. SENTENCING GUIDELINES..........................................3
     A.   Offense Level.............................................3
     B.   Criminal History Category.................................5
     C.   Sentencing Guidelines Range...............................5
IV.  VICTIMS........................................................5
V.   THE GOVERNMENT'S RECOMMENDED SENTENCE..........................6
     A.   A Sentence of No More than 120 Months Followed by 20
          Years of Supervised Release Is Appropriate for
          Defendant.................................................6
     B.   Restitution...............................................7
VI.  CONCLUSION.....................................................7

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.   INTRODUCTION**

Defendant Charles Aghoian ("defendant"), formerly a schoolteacher and lawyer for abused, neglected, or abandoned children in the foster care system, knowingly distributed files he knew were child sexual abuse materials ("CSAM"), and knowingly possessed over 500 CSAM images and videos on his digital device.  For his conduct, defendant was charged in the Indictment with three counts of distribution and one count of possession of child pornography.  (Dkt. 1.)  Defendant pled guilty to one of the distribution counts per the parties' plea agreement.  (Dkts. 33, 36.)

In December 2024, the United States Probation and Pretrial Services Office ("Probation") filed its Presentence Investigation Report and sentencing recommendation.  (Dkt. 38 ("Rec. Letter") and Dkt. 39 ("PSR").)  Probation calculated defendant's Guidelines range at 151-188 months' imprisonment (PSR ¶ 4) and recommended 151 months' imprisonment (Rec. Letter at 2).

The government agrees with Probation's Guidelines calculations, but not its recommendation.  Pursuant to the plea agreement, and for the additional reasons below, the government recommends a sentence of 120 months' imprisonment.

**II.   DEFENDANT'S OFFENSE**

Defendant admitted the following facts at his change of plea hearing.  From December 8, 2020, through at least January 26, 2021, in Los Angeles County, within the Central District of California, defendant knowingly possessed and distributed from his home and his place of work, the Children's Law Center, image and video files that defendant knew constituted child pornography.  (Dkt. 33 § 16.)

During this time period, under the usernames "HarryRayno," "jackoffjackoff," "jackoffhart," and "sdchazz_m13," defendant used Kik Messenger -- a messaging application that uses the Internet to send and receive messages, photos, videos, and other content -- to knowingly distribute image and video files that defendant knew contained child pornography to other individuals.  (Id.) Specifically, on January 19, 2021, defendant knowingly distributed video files containing child pornography to other individuals using Kik Messenger, which were titled, "6bd067ce-a054-4fd5-a23c-a2d7090f65a5.mp4," "f4797a46-3745-4e19-a5e3-29a6aed49c22.mp4," and "313907b2-d021-4b91-9556-078aac8ea8ec.mp4."  (Id.)

On April 8, 2021, FBI agents executed a federal search warrant at defendant's residence in Los Angeles County.  During the search, FBI agents seized digital devices belonging to defendant, including a Google Pixel smartphone (the "smartphone").  (Id.)  A forensic review of this device revealed 519 image files and 3 video files containing child pornography.  (Id.)  The National Center for Missing and Exploited Children ("NCMEC") confirmed that at least 19 real children are depicted in the 522 child pornography image and video files found on the smartphone.  (Id.)  NCMEC confirmed that at least four additional real children are depicted in the child pornography files that defendant knowingly distributed.  (Id.)  In total, the child pornography image and video files that defendant possessed and distributed depicted at least 23 real children.  (Id.)

Defendant knew the images and videos that he possessed and distributed, including the images and videos he possessed and distributed on the dates listed above, contained visual depictions of real children engaged in sexually explicit conduct.  (Id.)  Defendant

further admits that he knew that the production of such visual depictions involved the use of real children engaged in sexually explicit conduct. (Id.) At least one of these videos and images depicted minor victims under the age of 12 being used for sexual acts, including infants and toddlers. (Id.) At least one of these videos and images also portrayed sadistic or masochistic sexual conduct involving children under the age of 12. (Id.)

## III. SENTENCING GUIDELINES

### A. Offense Level

In the PSR, Probation submitted the following Sentencing Guidelines calculations:

| Distribution Of Child Pornography | |
|---|---|
| Base Offense Level: [U.S.S.G. § 2G2.2(a)(2)] | 22 |
| Prepubescent Minor or Minor Under 12: [U.S.S.G. § 2G2.2(b)(2)] | +2 |
| Distribution [U.S.S.G. § 2G2.2(b)(3)(F) | +2 |
| Materials Portraying Sadistic or Masochistic Conduct or Sexual Abuse of an Infant or Toddler [U.S.S.G. § 2G2.2(b)(4)(A)] | +4 |
| Use of Computer [U.S.S.G. § 2G2.2(b)(6)] | +2 |
| More than 600 Images [U.S.S.G. § 2G2.2(b)(7)(D)] | +5 |
| Acceptance of Responsibility | -3 |

| [U.S.S.G. § 3E1.1] | |
|---|---|
| **Total Offense Level** | 34 |

(Id. ¶ 29-48.)  Initially, the government notes that in the plea agreement, the parties stipulated to the base offense level of 22.[1] (Dkt. 33 ¶ 18.)

The government agrees with Probation's Guidelines calculations. (PSR ¶¶ 29-48.)  First, the base offense level of 22 is correct because defendant was convicted of 18 U.S.C. § 2252A(a)(2)(A).  (Id. ¶ 29.)

Second, the government agrees with Probation that defendant receives a two-level increase under U.S.S.G. § 2G2.2(b) because he possessed CSAM depicting prepubescent children.  (Id. ¶¶ 30.)

Third, the government agrees with Probation that defendant is subject to the two-level increase under U.S.S.G. § 2G2.2(b)(3)(B) because he knowingly distributed CSAM.  (Id. ¶¶ 31-33.)

Fourth, defendant receives an additional four-level increase under U.S.S.G. § 2G2.2(b)(4)(A) because he possessed images portraying sadistic or masochistic conduct.  (PSR ¶¶ 34-35.)

Fifth, defendant is subject to a two-level increase under U.S.S.G. § 2G2.2(b)(6) because he possessed and distributed CSAM through the Kik messaging application using the Internet.  (PSR ¶¶ 36-38.)

Sixth, defendant receives a five-level increase under U.S.S.G. § 2G2.2(b)(7)(D) because he possessed more than 600 CSAM images and

---

[1] In the plea agreement, both defendant and the government reserved the right to argue for additional specific offense characteristics, adjustments, and departures.  (Dkt. 33 ¶ 20.)

4

videos.  Specifically, he admitted to possessing at least 519 images and three videos.  (PSR ¶¶ 39-40, Dkt. 33 ¶ 16.)

Finally, the government agrees with Probation that a three-level reduction under U.S.S.G. § 3E1.1(b) is warranted, as defendant timely agreed to enter a plea of guilty as to count three of the Indictment.  (Id. ¶¶ 90-91).  Thus, the government calculates a total offense level of **34**.

### B. Criminal History Category

The government agrees with the PSR's calculation of defendant's criminal history category as I, based on zero criminal history points.  (Id. ¶ 53.)

### C. Sentencing Guidelines Range

Based on a total offense level of 34 and a criminal history category of I, the Sentencing Guidelines range is 151 to 188 months' imprisonment.  (Id. ¶¶ 102-103.)

## IV. VICTIMS

As of the filing of this position, the government has received victim impact statements from three victims -- all of whom were depicted in images in videos of CSAM possessed and/or distributed by defendant -- and submits their victim impact statements as follows.  In addition, the government has received restitution requests from two victims, who also are listed below:

| Victim Name | Series | Statement | Restitution |
|---|---|---|---|
| Lily | Vicky | Ex. 1 | Yes |
| Violet | At School | Ex. 2 | Yes |
| Mother Full | Mother Full | Ex. 3 | No |

5

## V. THE GOVERNMENT'S RECOMMENDED SENTENCE

### A. A Sentence of No More than 120 Months Followed by 20 Years of Supervised Release Is Appropriate for Defendant

Based on the government's agreement to recommend a sentence no greater than 120 months' imprisonment, defendant's Guidelines range, and the totality of the circumstances, the government recommends that the Court impose a sentence of 120 months' imprisonment. This recommendation is equivalent to a two-level variance from the applicable Guidelines range and is sufficient.

That sentence appropriately reflects the nature and circumstances of the offense, accounts for defendant's history and personal characteristics, protects the public, provides just punishment, and ensures fairness among similarly situated defendants.

Defendant's conduct is serious. He accepted responsibility for distributing CSAM using multiple usernames and possessing over 500 CSAM images and videos on his phone. He did so not only from his home, but from his place of work, where he was employed as a lawyer representing some of the most vulnerable children in the community -- children in the foster care system. Defendant fed the market for CSAM by distributing videos of children as young as 4-7 years old engaged in sexually explicit conduct. (PSR ¶ 20.) He "in effect repeated" the psychological and physical wrongs of the child victims depicted in those materials, ensuring that their "humiliation and hurt were and would be renewed into the future as an ever-increasing number of wrongdoers witnessed the crimes committed against" them. Paroline v. United States, 572 U.S. 434, 441 (2014). Indeed, as the attached victim-impact statements reflect, defendant's possession of

child pornography perpetuated this exact kind of trauma on his victims. (Exhibits 1-3; PSR ¶ 23.)

The Court also must consider any mitigating factors that exist in defendant's personal history and characteristics. See 18 U.S.C. § 3553(a)(1). Here, the government acknowledges that mitigating factors exist in defendant's personal history and characteristics, including defendant's struggles with mental health, the impact of his parents' declining health, and the isolation he experienced during the COVID-19 lockdowns.

Last, under the totality of circumstances, the government's recommendation promotes respect for the law, deters defendant specifically and others generally, and protects the public. See 18 U.S.C. §§ 3553(a)(2)(A)-(C). Accordingly, balancing the aggravating and mitigating factors, the totality of circumstances support imposing a sentence of 120 months' imprisonment and 20 years of supervised release.

**B.    Restitution**

Defendant's conduct occurred after the Amy, Vicky, and Andy Child Pornography Victim Assistance Act of 2018 was enacted, and therefore the government agrees with Probation that the statute applies here. As stated in defendant's sentencing position, defendant issued two checks for $7,500, for a total of $15,000, for the victims who have requested restitution in this case to date -- victims of the "Vicky" and "At School" series. (Dkt. 42 at 39.)

**VI. CONCLUSION**

For the foregoing reasons, the Court should impose a sentence of (1) 120 months' imprisonment, (2) 20 years' supervised release, (3) a

$100 special assessment, (4) restitution in the amount of $15,000, and (5) no fine.

    Finally, the government requests that the Court find that the three victims listed above are victims in this case.